## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

————————————————————————   )
**JOHN POTVIN**                          )
    **Plaintiff**                        )
                                        )          **Civil Action**
**V.**                                   )
                                        )
**BLUE WATER FISHERIES, INC.**           )
    **Defendant**                        )
————————————————————————   )


## PLAINTIFF'S  AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1. The Plaintiff, John Potvin, is a resident of Fall River, County of Bristol, Commonwealth of Massachusetts.

2. The Defendant, Blue Water Fisheries, Inc., is a corporation duly organized and existing under the laws of the State of New York.

3. On or about February 14, 2022, the Defendant, Blue Water Fisheries, Inc., was doing business within the Commonwealth of Massachusetts.

4. On or about February 14, 2022, the Plaintiff, John Potvin, was employed by the Defendant, Blue Water Fisheries, Inc.

5. On or about February 14, 2022, the Plaintiff, John Potvin, was employed by the Defendant, Blue Water Fisheries, Inc., as a seaman, and a member of the crew of the F/V MEGAN MARIE.

6. On or about February 14, 2022, the Defendant, Blue Water Fisheries, Inc., owned the F/V

MEGAN MARIE.

7. The Defendant, Blue Water Fisheries, Inc., chartered the F/V MEGAN MARIE from some other person or entity such that on or about February 14, 2022, the Defendant, Blue Water Fisheries, Inc. was the owner pro hac vice of the F/V MEGAN MARIE.

8. On or about February 14, 2022, the Defendant, Blue Water Fisheries, Inc., operated the F/V MEGAN MARIE.

9. On or about February 14, 2022, the Defendant, Blue Water Fisheries, Inc., or the Defendant's agents, servants, and/or employees, controlled the F/V MEGAN MARIE.

10. On or about February 14, 2022, the F/V MEGAN MARIE was in navigable waters.

11. On or about February 14, 2022, while in the in the performance of his duties in the service of the F/V MEGAN MARIE, the Plaintiff, John Potvin, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, John Potvin, was exercising due care.

<b>Jurisdiction</b>

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , <u>et.</u> <u>seq.</u> (formerly §688 <u>et.</u> <u>seq.</u>).

14. Alternatively, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1333.

**<u>COUNT I</u>**
**<u>John Potvin v. Blue Water Fisheries, Inc.</u>**
**(JONES ACT NEGLIGENCE)**

15. The Plaintiff, John Potvin, reiterates the allegations set forth in paragraphs 1 through 12 above.

16. The personal injuries sustained by the Plaintiff, John Potvin, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, John Potvin, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, John Potvin, demands judgment against the Defendant, Blue Water Fisheries, Inc., in an amount to be determined by a jury together with interest and costs.

**<u>COUNT II</u>**
**<u>John Potvin v. Blue Water Fisheries, Inc.</u>**
**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

19. The Plaintiff, John Potvin, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, John Potvin, were due to no fault of his, but were caused by the unseaworthiness of the F/V MEGAN MARIE.

21. As a result of said injuries, the Plaintiff, John Potvin has, suffered pain of body and

anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, John Potvin, demands judgment against the Defendant, Blue Water Fisheries, Inc., in an amount to be determined by a jury together with interest and costs.

### COUNT III
### John Potvin v. Blue Water Fisheries, Inc.
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, John Potvin, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, John Potvin, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, John Potvin, demands judgment against the Defendant, Blue Water Fisheries, Inc., in an amount to be determined by the jury, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES
RAISED IN COUNTS I-III.**

Respectfully submitted for the
the Plaintiff, JOHN POTVIN,
by his attorney,


/s/ Jonathan E. Gilzean
Jonathan E. Gilzean
BBO # 679164
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: May 14, 2024